

**METHFESSEL & WERBEL**
— A Professional Corporation —

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
STEPHEN R. KATZMAN#
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE,III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>

Of Counsel
MARC DEMBLING*+
ED THORNTON>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+

Counsel
CHRISTIAN R. BAILLIE+
SARAH K. DELAHANT+
SHAJI M. EAPEN+
JAMES FOXEN^
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL.*+
LESLIE A. KOCH+
CHARLES T. MCCOOK, JR.*>
MARC G. MUCCIOLO>
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
BRENT R. POHLMAN+
AMANDA J. SAWYER^
JARED S. SCHURE>
SHIFRA TARICA+

Associates
EDWARD D. DEMBLING>
JASON D. DOMINGUEZ+
NATALIE DONIS+
MICHAEL R. EATROFF>
DAVID INCLE, JR.>
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
ALLISON M. KOENKE>
OLIVIA R. LICATA+
ASHLEY E. MALANDRE^
ANTHONY J. MANCUSO>
JAMES V. MAZEWSKI+
CHRISTEN E. MCCULLOUGH^
DIAA J. MUSLEH+
KAJAL J. PATEL>
WILLIAM J. RADA+
NABILA SAEED^
TIFFANY D. TAGARELLI>
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar

**Please reply to New Jersey**

June 4, 2020

VIA ECOURTS FILING
Honorable Michael A. Shipp
Clerk, United States District Court - Trenton
Clarkson S. Fisher Fed. Bldg.
402 East State Street
Trenton, NJ 08608

RE: **JACKSON TRAILS, LLC VS. TOWNSHIP OF JACKSON, ET AL.**
    Our File No.   : 88737 BRP
    Docket No.     : 3:20-CV-01150

Dear Judge Shipp:

Please accept this letter brief in lieu of a more formal submission in reply to Plaintiff's Opposition to the Defendant's Motion to Dismiss.

Despite Plaintiff's claims that this matter is properly brought before this Court, Plaintiff failed to avail itself of the proper remedies before converting a land use dispute into a civil and constitutional rights violation. Plaintiff claims that its pendent state law claims are properly brought before this court because plaintiff was not required to exhaust the judicial remedies below. These assertions are false and ignore that the New Jersey Superior Court is the

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 2

proper venue for this type of land use dispute, and further ignore that New Jersey has a robust system specifically developed to address the alleged <u>Mount Laurel</u> compliance concerns. The New Jersey Courts offer an efficient and expedited process to appeal the denial of their site plan through an action in lieu of prerogative writ. Plaintiff also claims that the Housing Element and Fair Share Plan ("HEFSP") and an October 25, 2016 settlement agreement were violated. The latter concerns are covered exclusively by a state constitutionally mandated obligation to provide affordable housing, and is managed by an administrative process through New Jersey's Superior Courts. Because the issue relative to the HEFSP is one of compliance, it requires that Plaintiff pursue those remedies in New Jersey Superior Court. Plaintiff opted not to make use of these remedies and as such these claims in counts XIII and XIV must be dismissed.

<u>**POINT I**</u>
<u>**PLAINTIFF FAILED TO CHALLENGE ITS SITE PLAN DENIAL IN STATE COURT USING THE APPROPRIATE STATE PROCEDURES TO APPEAL A SITE PLAN DENIAL, THEREFORE COUNT XIII MUST BE DISMISSED**</u>

Plaintiff has failed to avail itself of the appropriate judicial remedy in state court and therefore Count XIII should be dismissed. This site plan denial is a run of the mill land

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 3

use dispute which the New Jersey Superior Court handles on a regular basis. In fact such land use denials are appealable directly to the Superior Court in an Action in Lieu of Prerogative Writ under New Jersey Court Rule 4:69-6. Plaintiff failed to challenge that denial before the Superior Court in an Action in Lieu of Prerogative Writ. Such an action is the appropriate and expedient remedy to challenge the denial of a site plan. Moreover, Plaintiff readily admits that such a procedure would have been appropriate and refers to same in its opposition. Plaintiff also attached to its opposition a copy of the Order in the referenced matter which was filed as an action in lieu of prerogative writ (See Rath Declaration, Exhibit A). In its brief Plaintiff describes that the Jackson Parke developer pursued an action in lieu of prerogative writ based on allegedly similar circumstances where a site plan was improperly denied. Plaintiff also stated that the Jackson Parke action relative to its site plan denial resulted in the Court issuing an order without a hearing for the Planning Board to review the site plan again.  Despite this acknowledgement, Plaintiff claims that its challenge before this court is appropriately filed.

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 4

The denial of Plaintiff's Application should have been appealed in an action in lieu of prerogative writ. It was not.

This Circuit has been hesitant "to substitute [its] judgment for that of local decision-makers, particularly in matters of such local concern as land use planning, absent a local decision void of a 'plausible rational basis.'" DeBlasio v. Zoning Board of Adjustment for Twp. of W.Amwell, 53 F.3d. 592,596 (3rd Circ. 1995). Other circuits have exercised similar caution with regard to becoming involved such local issues. A Federal Court, "should not … sit as a zoning board of appeals." Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982) citing Village of Belle Terre v. Boraas, 416 U.S. 1, 12, 94 S. Ct. 1536, 1542, 39 L. Ed. 2d 797 (1974); see also Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45-46 (1st Cir. 1992)(wherein the court stated that "we have consistently held that the due process clause may not ordinarily be used to involve federal courts in the rights and wrongs of local planning disputes").

Indeed, Plaintiff is seeking to have the federal court be involved in what is, at its core, a demand to remedy the alleged errors of a local planning board. There are clear

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 5

State Procedures which would directly address its concerns regarding its site plan in an efficient and expedient manner.

Plaintiff clearly ignores the fact that the appropriate vehicle to challenge the adverse determination by the Planning Board with regard to their site plan denial was to file an action in lieu of prerogative writs. Indeed Plaintiff points to that remedy in referencing <u>Hopewell Valley Citizens' Grp. Inc, v. Berwind Prop. Grp. Dev. Co., L.P</u>, 204 N.J. 569,576 (2011)(**appeals from local land use decisions are accomplished by actions in lieu of prerogative writs**)(emphasis added).

This circuit has stated:

> "Whether we describe the applicable principle as exhaustion of remedies ,ripeness of the claim, or the "finality rule," as defendants characterize it, we hold that plaintiff's substantive due process claims in a land use case require a showing either that plaintiff has obtained a final decision under available state procedures or that such an attempt would have been futile."

<u>Lauderbaugh v. Hopewell Twp.</u>, 319 F.3d 568(3rd Circ. 2003).

Indeed, this Circuit has determined other challenges regarding land use as premature, or unripe. However the Court wishes to classify the reason, there are available remedies

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 6

that Plaintiff seeks to bypass in order to cast a denial of a site plan as a Constitutional or Civil Rights violation.

Based on Plaintiff's own opposition papers it has not shown that State procedures would have been futile. Quite the opposite in fact. Plaintiff claims that the Jackson Township Planning Board's vote denying the approval of another development, Jackson Parke, was appealed to the Superior Court which then directed the Planning Board to reconsider its denial. See Plaintiff's Brief at 11; and see Plaintiff's Exhibit A. In fact, Plaintiff goes as far as to mention that the Jackson Parke development was granted preliminary approval. This demonstrates that such action would not have been futile and under the circumstances, appears to facilitate the Plaintiff's end goal of being able to develop the property. Additionally, such a remedy would ultimately expedite the matter. The process itself is meant to handle such matters efficiently. An action in lieu of Prerogative writs is filed in the Superior Court of New Jersey, and the Law Division reviews the record and transcripts and determines whether the municipal body acted in an arbitrary, capricious or unreasonable manner. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5.2 on R.4:69-4(2017).

If it is determined that the Board acted in an arbitrary, capricious or unreasonable manner, the decision may be "set aside." Cell S. of N.J. v.Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002); see also Grabowsky v. Tp. of Montclair, 221 N.J. 536, 551 (2015). In an effort to sidestep a valid and constitutionally adequate State Procedure to appeal the denial of its site plan, Plaintiff has asked this Court to assert jurisdiction over a matter that the Third Circuit has held it does not have jurisdiction.

**POINT II**
**PLAINTIFFS CHALLENGE TO AFFORDABLE HOUSING OBLIGATIONS IS A COMPLIANCE ISSUE, WHICH IS GUIDED BY NEW JERSEY'S MOUNT LAUREL HOUSING LAWS AND THEREFORE MUST BE DISMISSED**

Plaintiff's claims of a breach of the HEFSP and Settlement agreement are best suited to be determined by the New Jersey Superior Court based on its status as a Mount Laurel case. The issue is one of compliance with its constitutional obligation, not simply whether a contract was breached. Plaintiff willfully ignores that such concerns should be handled by Courts who are properly equipped to deal with those concerns.

New Jersey has developed a robust and constitutionally sound procedure for review of Mount Laurel litigation.

Indeed, "any individual demonstrating an interest in, or any organization that has the objective of, securing lower income housing opportunities in a municipality will have standing to sue such municipality on Mount Laurel grounds." S. Burlington County NAACP v. Mt. Laurel, 92 N.J. 158, 337 (1983).

Additionally, Plaintiff seeks a remedy regarding compliance with the Township's HEFSP and settlement agreement under its Mount Laurel obligations. These issues are specifically meant to be addressed by New Jersey State Courts equipped to handle the constitutional Mount Laurel Obligations of municipalities. The Mount Laurel decisions have created a streamlined vehicle for addressing the complexities of Mount Laurel Affordable Housing Litigation.

In Judge Thompson's decision in Ohad, the Court concluded the "plaintiff's Mt.Laurel claim raises a complex issue of state law that ought to be remanded to the New Jersey state courts for resolution." Ohad Assocs., LLC v. Twp. of Marlboro, No. 10-2183, 2010 U.S. Dist. LEXIS 86571 (D.N.J. Aug. 16, 2010).

Plaintiff's claim most certainly involves a complex issue of state law, that is whether or not it is compliant with its Mount Laurel obligations. Plaintiff points to a

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 9

failure to comply with a judgment of repose, the HEFSP and settlement agreement - which is part and parcel to meeting its Mount Laurel Obligations. The HEFSP and Settlement agreement and the compliance with the same is certainly a question for a Mount Laurel court to determine.

> This Circuit has stated that:
>
> A federal court that opts to decide a Mt. Laurel claim not only risks making a substantive legal error, but also intrudes upon the administrative process that has been entrusted to state court judges and state administrative officials. In light of these weighty concerns, the prudent course of action is to remand Plaintiff's Mt. Laurel claim to the New Jersey Superior Court. Id. at *18.

Defendants submit that Judge Thompson's opinion provides guidance on handling Mt. Laurel litigation. Judge Thompson's decision specifically states that doing so would intrude upon the administrative process state court judges and administrative officials. As the instant matter deals with whether the Township is compliant, it is clear that this court does not have jurisdiction over the subject matter. Plaintiff's attempt to cast this as a simple contractual breach fails to address, or ignores the fact that there are clearly Mount Laurel implications which must be addressed by the appropriate court.

Case 3:20-cv-01150-MAS-ZNQ   Document 18   Filed 06/04/20   Page 10 of 13 PageID: 675

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 10

Further the assertion that this is simply a contractual breach does not now divest the State Court of its ability to hear Mt. Laurel related issues – which is what an alleged breach of the HEFSP would be. Moreover, Plaintiff refers to the Court's ability to retain the matter and has pointed to cases outside of New Jersey, ostensibly because Plaintiff can point to no cases in this District where Mt. Laurel litigation is implicated. This is telling as it demonstrates that New Jersey's Mount Laurel Courts are the appropriate venue for resolving this dispute of whether or not the Township has complied with its obligations.

In Mount Laurel IV, the New Jersey Supreme Court found that due to COAH's failure to adopt third round rules that there was no longer a legitimate basis to block access to the courts and it dissolved the exhaustion of administrative remedies requirement before COAH. In dissolving the exhaustion of administrative remedies requirement and opening access to the courts, review of declaratory judgement applications or constitutional compliance challenges would be heard by designated Mount Laurel judges. An alleged breach of the HEFSP agreement is certainly an issue related to compliance is an issue for the Mount Laurel Courts to address.

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 11

An action regarding constitutional compliance with Mount Laurel obligations must be brought before the Superior Court of New Jersey which is properly equipped to hear such matters. A Mount Laurel trial court will determine whether the town is, or is not constitutionally compliant. The process developed in Re Adoption of N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 10 (2015)(Mount Laurel IV) is meant to track the processes provided for in the Fair Housing Act "as closely as possible" to create a system of coordinated administrative and court actions. See Mount Laurel IV, 221. In other words, New Jersey has provided a robust system to remedy compliance failures relative to the constitutional obligations dictated by the Mount Laurel cases. Plaintiff's Complaint demonstrates a failure to avail itself of the appropriate judicial remedy within the Ocean County Vicinage. The Court's Order in Mount Laurel IV contemplates that such actions are to be brought in the respective vicinages and states:

> 10. All civil actions authorized herein shall be directed to the Mount Laurel designated judges assigned in the vicinages.

Mount Laurel IV, 221 N.J.at 36.

Methfessel & Werbel, Esqs.
Our File No. 88737
Page 12

Therefore, because New Jersey has sought to handle Mount Laurel litigation through a specialized and comprehensive process, this count should be dismissed for failure to exhaust the appropriate remedies in State Court. As such this court should dismiss this count and decline to exercise jurisdiction under 28 U.S.C. 1367(c)(1).

## **CONCLUSION**

This Court should dismiss Plaintiff's state claims as there are appropriate judicial remedies to address these specific concerns which Plaintiff failed to avail themselves of. In fact, proceeding in State Court under an action in Lieu of Prerogative Writ would also address the issue surrounding Plaintiff's claim of an alleged HEFSP and Settlement Agreement violation. As such Plaintiff's State claims must be dismissed for failure to pursue the appropriate remedies in State Court.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

*[signature]*

Brent R. Pohlman
pohlman@methwerb.com
Ext. 182

BRP:ske

```
Methfessel & Werbel, Esqs.
Our File No. 88737
Page 13

 cc: VIA EMAIL: tcarroll@hillwallack.com
     Thomas F. Carroll, III
     Hill Wallack
     21 Roszel Road
     P.O. Box 5226
     Princeton, NJ 08543-5226

     VIA EMAIL: rath@storzerlaw.com
     Sieglinde K. Rath, Esq.
     Storzer & Associates, P.C.
     1025 Connecticut Avenue
     Suite One Thousand
     Washington, D.C. 20036
```