IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON TRAILS LLC, a New Jersey limited liability corporation, JACKSON 222324 LLC, a New Jersey limited liability corporation, JACKSON FARMS LLC, a New Jersey limited liability corporation, JACKSON RUN LLC, a New Jersey limited liability corporation, JACKSON WALK LLC, a New Jersey limited liability corporation, and LAKEWOOD INVESTMENTS, LLC, a New Jersey limited liability corporation, <br><br> Plaintiffs, <br><br> v. <br><br> TOWNSHIP OF JACKSON, a New Jersey municipal corporation and body politic; and the PLANNING BOARD OF THE TOWNSHIP OF JACKSON, a municipal agency, <br><br> Defendants. | Civ. No. 3:20-cv-01150 <br><br> **CONSENT ORDER** |

**THIS MATTER** having been brought before the Court on the Amended Complaint of Plaintiffs, Jackson Trails LLC, Jackson 222324 LLC, Jackson Farms LLC, Jackson Run LLC, Jackson Walk LLC, and Lakewood Investments, LLC, pursuant to the provisions of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604 and 3617; the Free Exercise and Establishment Clauses of the First Amendment, the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution; 42 U.S.C. § 1982; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, and New

1

Jersey law to use certain real property identified as Block 23001, Lots 22-29 on the tax map of the Township of Jackson (the "Property") for a residential housing, which would include 367 single-family homes and 92 multi-family units, and a house of worship; and

**WHEREAS** Plaintiff, Jackson Trails, LLC, submitted an application to the Township of Jackson Planning Board ("Planning Board") seeking conditional use approval, preliminary and final major subdivision approval, and preliminary and final major site plan approval ("Application") in connection with its proposed use on the Property; and

**WHEREAS** public hearings on the Application were conducted by the Planning Board on August 19, 2019 and October 7, 2019 at which time the Planning Board denied the Application; and a Motion for Reconsideration was heard at a December 2, 2019 meeting before the Planning Board, but the Planning Board failed to act on same; and

**WHEREAS** on December 2, 2019, the Planning Board issued a written resolution memorializing its decision to deny the Application and all requested conditional use, preliminary and final major subdivision and preliminary and final major site plan relief on October 7, 2019 by virtue of a 4-4 vote on said Application; and

**WHEREAS**, on February 3, 2020, the Plaintiff filed a complaint against Defendants in the United States District Court for the District of New Jersey (the "Court") captioned *Jackson Trails v. Township of Jackson, et al*. Civil Action No.3:20-cv-01150 (the "Action"); subsequently amended on February 5, 2021 to add additional Plaintiffs; and

**WHEREAS**, in the Action, Plaintiffs asserted claims against Defendants for violations of the FHA, 42 U.S.C. §§ 3604 and 3617; the Free Exercise and Establishment Clauses of the First Amendment; the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the

United States Constitution; 42 U.S.C. § 1982; RLUIPA, 42 U.S.C. §§ 2000cc, *et seq.*, and New Jersey law, arising from the Planning Board's denial of the Application; and

**WHEREAS**, on March 13, 2020, Defendants filed a Motion to Dismiss Counts XIII and XIV of the Plaintiffs' Complaint and on March 20, 2020, the Court entered an Order dismissing Count XIV of Plaintiffs' Complaint; and

**WHEREAS**, Defendants filed an Answer to Plaintiffs' Complaint on March 13, 2020 and an Amended Answer on October 29, 2020; and

**WHEREAS**, the Parties have engaged in settlement negotiations for the purpose of resolving the disputed issues between them, and agree that all claims should be resolved amicably and without further protracted, expensive and unnecessary litigation;

**WHEREAS**, Defendants deny all liability for the claims asserted by Plaintiffs; and

**WHEREAS**, the Parties have submitted a fully executed Settlement Agreement for the Court's review; and

**WHEREAS,** the Court has reviewed the Parties' Settlement Agreement and finds it to be fair and reasonable; and

**WHEREAS**, this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 42 U.S.C. § 2000cc-2; and

**WHEREAS**, this Court has personal jurisdiction over Defendants; and

**WHEREAS**, venue is proper in this District;

IT IS on this _____ day of _____, 2022, **ORDERED, ADJUDGED and DECREED** as follows:

1. The terms of the Parties' Settlement Agreement, dated __March 28__, 2022 and attached to this Order, and each of those terms, are hereby incorporated into this Order and are fully enforceable as an Order of this Court.

2. This Court shall retain jurisdiction in this case for all purposes for the term and as set forth in the Settlement Agreement.

**IT IS SO ORDERED**.


Dated:_____, 2022


                                                              Hon. Michael A. Shipp
                                                              United States District Judge